UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60389-CIV-SINGHAL

LUIS ANTONIO SORIANO
GUTIERREZ,

      Petitioner,

v.

KRISTI NOEM, in her official capacity
as Secretary of the United States
Department of Homeland Security, *et al.,*

      Respondents.

_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**").  (DE [1]).  The Court has considered the Petition (DE [1]), Respondents' Response to Order to Show Cause (the "**Response**") (DE [6]), Petitioner's Reply to Response to Order to Show Cause (the "**Reply**") (DE [12]), argument of counsel (DE [15]), and is otherwise fully advised.  For the below reasons, the Petition (DE [1]) is **DENIED**.

### I.   BACKGROUND.

Petitioner is a Honduran citizen who entered the United States without inspection or admission in March 2003.  *See* (DE [1] at ¶ 7; [6] at 2).  Since then, Petitioner has been arrested no less than eight times for various crimes, including driving without a license, petit theft, aggravated assault and battery with a deadly weapon (but without intent to kill), and resisting arrest.  *See* (DE [6] at 2–4).  More recently, Petitioner was detained by immigration authorities on November 7, 2025.  (DE [6] at 4).  Subsequently, Petitioner

moved for a bond hearing pursuant to 8 U.S.C. § 1226(a), but the immigration judge denied same for lack of jurisdiction.[1]  (DE [1] at ¶¶ 18–19; [6-5]).

Petitioner now seeks habeas relief in this Court, arguing he is statutorily and constitutionally entitled to a bond hearing.  Statutorily, he argues that he is not an "applicant for admission" governed by section 1225, but instead an alien governed by section 1226 and entitled to a bond hearing.  *See* (DE [1] at 3; [12] at 2–3). Constitutionally, he argues that his detention "has become prolonged and unreasonable," such that it is "arbitrary, excessive, and punitive in violation of the Fifth Amendment."  *See* (DE [1] at 3).

The government argues several bars to relief.  As a threshold matter, the government submits that subsections (g) and (b)(9) of 8 U.S.C. § 1252 strip this Court's jurisdiction over the Petition.  (DE [6] at 13–18).  Next, the government argues that the Petition should be denied because Petitioner failed to exhaust administrative remedies. (DE [6] at 13).  Finally, the government submits that Petitioner is an applicant for admission who is properly and mandatorily detained pursuant to section 1225(b)(2).  (DE [6] at 6–13).

## II.    <u>LEGAL STANDARD.</u>

District courts have authority to grant writs of habeas corpus. 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v.*

---

[1] At bottom, "[j]urisdiction is power to declare the law," *Va. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 778 (2000) (quoting *Ex parte McCardle*, 74 U.S. 506 (1868)), without which a tribunal is "powerless to proceed to an adjudication," *id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Although not necessary to adjudicate the present Petition, the Court notes that the immigration judge had authority to declare the law concerning, and to adjudicate, Petitioner's motion for bond under section 1226(a). In fact, it did so by entertaining the motion and determining that Petitioner did not qualify for bond under section 1226 because he was instead governed by section 1225. *See* (DE [6-5]). To the extent *Hurtado* framed immigration judges' lack of statutory **authority** to grant section 1226(a) bond to aliens governed by section 1225 as a **jurisdictional** bar, the court there appears to have misspoke. *See In re Hurtado*, 29 I. & N. Dec. 216, 229 n.8 (BIA 2025).

*Geren,* 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

### III.   DISCUSSION.

As it must, the Court first considers the government's jurisdictional arguments and, concluding it maintains jurisdiction, turns to the Petition's merits.

#### A.  Neither Section 1252(b)(9) nor (g) Strip This Court's Jurisdiction.

The government argues that both section 1252(b)(9) and (g) prelude jurisdiction here.  The provisions are considered in turn.

##### 1.  Section 1252(b)(9).

Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."  § 1252(b)(9).  It also expressly bars habeas jurisdiction over same.  *Id.*  But in *Jennings v. Rodriguez*, six justices agreed for different reasons that section 1252(b)(9) did not strip jurisdiction to review a detained alien's habeas petition seeking bond.  *See Jennings*, 583 U.S. at 294–95 (Alito, J., opining and joined by Roberts and Kennedy) *and id.* at 355 (Breyer, J., dissenting and joined by Ginsburg and Sotomayor).  The narrower of the two rationales explained that when an alien detainee does not seek "review of an order of removal[,] . . . challeng[e] the decision to detain them in the first place or to seek removal[,] [or] . . . challeng[e] any part of the process by which their removability will be determined, . . . § 1252(b)(9) does not present a jurisdictional bar."  583 U.S. at 294–

95. So too here.  Petitioner seeks only a bond hearing or his release but does not seek review of a final order of removal or challenge any of the aforementioned items. Accordingly, section 1252(b)(9) does not bar jurisdiction here.

2.  Section 1252(g).

Section 1252(g) provides:

Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including . . . any . . . habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

Section 1252(g) must be read "narrow[ly]," *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999), and "bars only those claims that directly relate to the '. . . specific actions' it lists," *Camarena v. Director, Immigr. and Customs Enforcement*, 988 F.3d 1268, 1273 (11th Cir. 2021) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018)).   While Petitioner's detention is related to the government's decision to commence removal proceedings against him, it is not "directly related" to same and thus jurisdiction is not barred by section 1252(g).  In fact, the *Jennings* Court adjudicated a section 1226(c) detainee's habeas petition seeking a bond hearing notwithstanding section 1252(g).  *See generally Jennings*, 583 U.S. 281.  Accordingly, Section 1252(g) does not strip jurisdiction over the instant Petition.

**B. Petitioner's Detention Violates Neither Statute Nor Due Process.**

As this Court recently explained, an alien present in the United States without admission is an "applicant for admission" under section 1225(b)(2) and subject to its mandatory detention scheme, regardless of when the alien entered.  *See Morales v. Noem*, --- F. Supp. 3d ---, 2026 WL 236307, at *9 (S.D. Fla. Jan. 29, 2026); *Azcona-Quintero v. Swain*, No. 26-60079-CIV-SINGHAL, Dkt. No. 8 (S.D. Fla. Feb. 12, 2026);

*Factor Flores v. Field Office Dir.*, No. 26-60448-CIV-SINGHAL, Dkt. No. 4 (S.D. Fla. Feb. 20, 2026); *see also Avila v. Bondi*, --- F.4th ---, 2026 WL 819258 (8th Cir. Mar. 25, 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). And while "'the Fifth Amendment entitles aliens to due process of law in deportation proceedings,' . . . detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Moreover, "when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528. Although not on all fours, *Demore* is instructive insofar as it holds that the government need not conduct individualized bond hearings for criminal aliens to combat flight risk. *Id.* at 527–28. Accordingly, the caselaw does not support the notion that due process requires the government to afford aliens individualized bond hearings pending removal, nor has Petitioner pointed the Court to any such authority. Finally, *Demore* further held that an alien's six-month detention during removal proceedings did not violate due process. *Id.* at 530.

Here, because Petitioner entered the United States without inspection or admission, he is subject to section 1225(b)(2)'s mandatory detention scheme and properly detained thereunder. Furthermore, because Petitioner has been detained for substantially less time than the *Demore* Petitioner, his detention does not violate due process as "prolonged and unreasonable." *See* (DE [1] at 3). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 1st day of April 2026.

Copies furnished counsel via CM/ECF

_____

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE